## James A. Lord v. M. Price Walker.

*Lease—Condition of re-entry.*

A three years' lease of a farm stipulated that if the land were sold for a certain sum the tenant should immediately surrender possession on being reimbursed for his labor and crops ; it farther provided that if the landlord did not return to his farm to occupy it himself the tenant was to have the privilege of continuing to farm the premises as heretofore. *Held,* that in summary proceedings to recover possession for violation of the provisions of the lease the return of the landlord was properly treated as on the same footing as a sale to a third person, and that on coming in at the end of the second year after three months' notice, and offering to pay for labor and crops, the landlord had a right to resume possession.

Error to Eaton.    Submitted Jan. 4.    Decided Jan. 10.

Proceedings under Comp. L. ch. 211 to recover possession of land.    Defendant brings error.    Affirmed.

*Cobb & Ely* for appellant.

*Huggett & Shriner* for appellee.

Campbell, J.    Lord recovered possession in summary proceedings against defendant for violations of the provisions of a lease.    The lease was in its preliminary portions a lease for three years at an annual rent of $35.    There was, however, a further provision expressly declaring that in case the land was sold for $900, defendant would immediately surrender possession on being reimbursed for his labor and crops.    There was also a further provision " that if the farm is not sold, or if I, J. A. Lord, does not return to my farm to occupy it myself, he, M. P. Walker, is to have the privilege to continue, have and to farm said farm to his own pleasement as heretofore."

The court below held that the return of Lord to occupy the farm himself was indicated as standing on the same footing with a sale to a third person, and subject to the

same condition, and that on coming in at the end of the second year after three months' notice, and paying or offering to pay for labor and crops, Lord had a right to resume possession.

The entire lease must be construed together, and we think that this construction was correct. The contingency of Lord's returning to occupy his farm in person was distinctly within the minds of the parties, and the condition is either senseless, or it means what the circuit judge says it did.

The judgment must be affirmed with costs.

The other Justices concurred.